**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MARC STOLOWITZ**,

    Plaintiff,

v.                                Case No.:

**NUANCE COMMUNICATIONS, INC.**

    Defendant.

_____/

## NOTICE OF REMOVAL

       Defendant Nuance Communications, Inc. ("**Nuance**" or the "Company"), hereby removes the action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 21-26329-CA-01 (the "**State Court Action**"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441.  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

## BACKGROUND

       This is a case in which a former employee of Nuance, Marc Stolowitz ("**Plaintiff**"), brings various claims against Nuance in order to retaliate against the Company for complying with its legal, regulatory and internal compliance obligations in response to Plaintiff's unauthorized access of Nuance's systems and acquisition of confidential reports after his departure from the Company. Nuance is a Delaware software technology corporation that markets speech recognition software and artificial intelligence software used in health care and other industry applications. In October of 2016, Nuance terminated Plaintiff's employment as a software engineer.  After his departure, Plaintiff used private information acquired during his employment to gain unauthorized access to

1

Nuance's information systems and obtain reports that included Personal Health Information pertaining to approximately 45,000 individuals.  Plaintiff contends that he accessed Nuance's systems and the reports in preparation to notify the U.S. Department of Health and Human Services about Nuance's alleged failure to guard the information.  In response to Plaintiff's unauthorized access to Nuance's systems and acquisition of the reports, Nuance followed its policies and procedures, consistent with industry practices and its regulatory and legal obligations, which include, among other things, mandatory disclosure of the security breach to certain governmental entities and customers.

Plaintiff commenced the State Court Action by filing a Complaint against Nuance on December 3, 2021.  The Summons and Complaint were served upon Nuance on January 7, 2022.  All of Plaintiff's claims in the State Court Action derive from events surrounding Plaintiff's unauthorized access to Nuance's systems and the acquisition of the records.  The Complaint alleges five counts against Nuance: Count I, Malicious Prosecution; Count II, Defamation; Count III, Fraud; Count IV, Retaliation; and Count V, Common Law Invasion of Privacy.

## LEGAL STANDARD FOR REMOVAL

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants to the district court of the United States…where such action is pending." 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

1. citizens of different States;

2. citizens of a State and citizens or subjects of a foreign state;

3.  citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

4.  a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $ 75,000." *Lunch v. Scottsdale Ins. Co.*, No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F. 3d 1069, 1079 (11th Cir. 2000).

### **<u>GROUNDS FOR REMOVAL</u>**

**a. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because Plaintiff, Marc Stolowitz, and Defendant, Nuance, are of diverse citizenship. Plaintiff is an individual citizen of North Carolina. *See* Complaint, ¶ 5. Nuance is a Delaware corporation with its principal place of business in Burlington, Massachusetts. Nuance is, therefore, a citizen of both Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c). Thus, the parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

**b. The Amount in Controversy Exceeds $75,000.**

The aggregate amount in controversy exceeds the jurisdictional minimum of $75,000, although Nuance denies that Plaintiff is entitled to recover any amount. In his Complaint, Plaintiff expressly alleges that he is entitled to (1) thirty thousand dollars ($30,000) in legal fees incurred by Plaintiff to defend Plaintiff's criminal prosecution, (2) one thousand dollars ($1,000) for replacement of Plaintiff's personal computer, (3) one hundred thousand dollars ($100,000) in

damages to Plaintiff's personal and professional reputation, (4) one million dollars ($1,000,000) in pain and suffering, and (5) ten million dollars ($10,000,000) in punitive damages. *See* Compl., Request for Relief, p. 23. These alleged figures far exceed the $75,000 jurisdictional requirement.

**c. Removal is Timely.**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. Plaintiff's Complaint was served upon Nuance on January 7, 2022. Because this Notice is being filed within thirty (30) days of service of Plaintiff's Complaint, the Notice is timely. *See Tejada v. P&G Co.*, No. 13-6106-CIV, 2013 WL 12383475, at *2 (S.D. Fla. July 2013) ("[I]n the absence of proper service of process on Defendant, the clock on Defendant's ability to remove has not started[.]").

**d. All Other Conditions of Removal are Satisfied.**

Venue is proper in the United States District Court for the Southern District of Florida because this case is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

In accordance with 28 U.S.C. § 1446(d), Nuance will serve Plaintiff with a copy of this Notice of Removal and will file a Notice of Filing Notice of Removal with the Clerk of the Court for the Eleventh Judicial Circuit in Miami-Dade County, Florida.

Finally, pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant will be filed after the Notice of Removal.

## CONCLUSION

Removal of this case is timely and appropriate. This Court has jurisdiction over the claims based upon diversity of citizenship. Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Eleventh Judicial

Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

**WHEREFORE**, Defendant Nuance Communications, Inc., respectfully requests that the action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case number 21-26329-CA-01, be removed to this Honorable Court.

Dated: January 19, 2022.

Respectfully,
/s/ *Jason P. Mehta*
Jason P. Mehta, Esq.
Florida Bar No. 106110
Primary E-Mail:  jmehta@bradley.com
Secondary E-Mail:  dmills@bradley.com
Matthew W. Bedan, Esq.
Florida Bar No. 1028576
Primary E-Mail:  mbedan@bradley.com
Secondary E-Mail:  dmills@bradley.com
**Bradley Arant Boult Cummings LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602
Telephone: (813) 559-5500
Facsimile: (813) 229-5946

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ *Jason P. Mehta*
Attorney