United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Marc Stolowitz, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20234-Civ-Scola |
| | ) | |
| Nuance Communications, Inc., | ) | |
| Defendant. | ) | |

## **Order Granting Temporary Stay**

    Plaintiff Marc Stolowitz complains his former employer, Defendant Nuance Communications, Inc., provided false and fraudulent information to the Federal Bureau of Investigation and the United States Attorney's Office for the Southern District of Florida in retaliation against him for identifying a cyber-security weakness in Nuance's computer system. (Compl., ECF No. 1-1, 4.) He seeks relief under various Florida tort and statutory theories: malicious prosecution; defamation; fraud; retaliation under the Florida Whistleblower Act; and invasion of privacy. In response, Nuance has filed a motion to dismiss, submitting Stolowitz has failed to state a claim under any of the theories set forth in his complaint. (Def.'s Mot. to Dismiss, ECF No. 5.) That motion is fully briefed, and Nuance now asks the Court to stay discovery, pending the Court's resolution. (Def.'s Mot. to Stay, ECF No. 16.) Stolowitz objects to the stay, arguing (1) Nuance merely reargues the points raised in its motion to dismiss; (2) no significant benefit to a stay will accrue unless the Court dismisses all five counts; and (3) he will be prejudiced by a stay because he should not have to wait to begin clearing his name and redeeming his reputation. (Pl.'s Resp., ECF No. 19.) Nuance has timely replied. (Def.'s Reply, ECF No. 20.) Having considered the parties' arguments and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** Nuance's request for a temporary stay of discovery. (**ECF No. 16**.)

    District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in

discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

After a "preliminary peek" at Nuance's motion to dismiss, the Court finds all the issues raised, with respect to each of the complaint's five counts, appear to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D.Fla.1997)). If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery in this proceeding—including what appears to involve substantial third-party discovery—will, as Nuance explains, be eliminated altogether. Further, Stolowitz's objections and claims of potential harm are not persuasive: he fails to convince that a brief delay in discovery will result in sufficient prejudice to outweigh the efficiencies gained as a result of the temporary pause. Stolowitz will be afforded sufficient opportunity to conduct fulsome discovery if any of his claims advance in this Court.

The Court thus finds a stay warranted and **grants** Nuance's motion to stay (**ECF No. 16**). Discovery is therefore **stayed** until this Court issues its order on Nuance's motion to dismiss. If the motion is ultimately denied, in any respect, discovery must immediately move forward.

The parties must file an amended joint discovery plan and conference report within **seven days** if the Court denies any aspect of Nuance's motion. While discovery is stayed, the parties may not take any action related to discovery.

**Done and ordered** in Miami, Florida, on March 21, 2022.

_____
Robert N. Scola, Jr.
United States District Judge